UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER TRINKLE, *on behalf of herself* and all others similarly situated, ) ) ) **Plaintiffs**, ) ) v. ) ) ) **ARS NATIONAL SERVICES, INC.**, a ) California corporation, ) ) **Defendant**. ) ) | Case No.: (State Court Index No. 616013/17) |

### NOTICE OF REMOVAL

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant ARS National Services, Inc. (hereinafter referred to as "Defendant") respectfully submits this Notice of Removal in this civil action from the Supreme Court of the State of New York, County of Suffolk to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question jurisdiction. Specifically, Plaintiff Jennifer Trinkle (hereinafter referred to as "Plaintiff") asserts a claim for damages against Defendant arising out of alleged violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.*.

In support of this Notice of Removal, Defendant, through its counsel, states as follows:

### PROCEDURAL BACKGROUND

1. Plaintiff commenced this action by filing a Notice of Commencement in the Supreme Court of the State of New York, County of Suffolk on August 16, 2017, styled *Jennifer Trinkle, on behalf of herself and all others similarly situated v. ARS National Services, Inc.*, Index No. 616013/17 (the "State Court Action"). *See* Notice of Commencement, attached hereto as Ex. A; see also Summons, attached hereto as Ex. B. Plaintiff did not serve her Complaint with the Summons and Notice of Commencement.

2. The Notice of Commencement alleges a violation of FDCPA, 15 U.S.C. §1692 *et seq.* See Exhibit B.

3. The Notice of Commencement and Summons were served on Defendant, a California corporation, on or about December 14, 2017 via the State of New York Department of State, Division of Corporations.

### BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

4. Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States for the district and division embracing the place where state court action is pending.

5.      Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

6.      This Court has federal question jurisdiction over this action under the provisions of 28 U.S.C. § 1331, and the matter is removable pursuant to 28 U.S.C. § 1441 because the Summons alleges that Defendant violated the FDCPA, 15 U.S.C. §1692 *et seq.*  Ex. B.

7.      Accordingly, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b).

## TIMELINESS OF REMOVAL

1.      As noted above, the Notice of Commencement and Summons were served on Defendant, a California corporation, on or about December 14, 2017 via the State of New York Department of State, Division of Corporations.

2.      Defendant's Notice of Removal is timely because Defendant filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

## VENUE

3.      Venue is proper in this district and division because the State Court Action was filed and is pending in the Supreme Court of the State of New York, County of Suffolk, which is located within the United States District Court for the Eastern District of New York.

## COMPLIANCE WITH REMOVAL PROCEDURES

4.      Defendant has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

5. As noted above, the Notice of Removal is filed within 30 days of the service of the amended pleading from which it may first be ascertained that the case is one which is or has become removable.

6. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on Plaintiff.

7. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, will be filed with the Supreme Court of the State of New York, County of Suffolk, in Index No. 616013/17.

8. Copies of all process, pleadings and orders served on Defendant are attached hereto. *See* Notice of Lodgment of State Court Pleadings, filed concurrently herewith.

**WHEREFORE**, for the foregoing reasons, Defendant removes this action from the Supreme Court of the State of New York, County of Suffolk to the United States District Court for the Eastern District of New York and respectfully requests that this Court exercise jurisdiction over this action.

Dated: January 9, 2018

Respectfully Submitted,

GORDON & REES, LLP

By:
   *s/Peter G. Siachos*
Peter G. Siachos
Attorneys for Defendant
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
(973) 549-2500

Via Mail to:
Mitchell L. Pashkin, Esq.
775 Park Avenue, Ste 255
Huntington, NY 11743
(631) 335-1107
Attorney for Plaintiff